FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

19 JUN 13 AM 10: 41

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| **JAMES MARTIN** | ) |
| **PLAINTIFF** | ) |
| VS. | ) CAUSE NO. 1:19CV257 |
| **WYNDHAM HOTEL** | ) |
| **OF FORT WAYNE, Inc.** | ) |
| **DEFENDANT** | ) |

## CIVIL COMPLAINT

The Plaintiff, James Martin alleges the following:

1. The Plaintiff brings this action to enforce Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36, against Wyndham Hotel of Fort Wayne ("Defendant").

2. Defendant owns and operates the Wyndham Hotel of Fort Wayne, Inc., a hotel business that discriminated against an individual with a disability and persons associated with him by violating certain ADA Laws, requiring proof of the service animal before accommodations were made at the hotel because the individual with a disability was accompanied by his service animal.

3. The Plaintiff has instituted this action based on reasonable cause to believe that Defendant discriminated against a person or group of persons, in violation of Title III, and that such discrimination raises issues of general public importance. 42 U.S.C. §12188(b)(1)(B).

1

## Jurisdiction and Venue

4. The Court has jurisdiction of this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §12188(b)(2).

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this District, operates a hotel in this District, and the acts of discrimination occurred in this District.

## Parties

6. Plaintiff is a handicap person that requires the company of his service animal at all times due to his health.

7. Defendant Wyndham Hotel of Fort Wayne, Inc ("Wyndham Hotel of Fort Wayne, Inc.) is a private business incorporated and in good standing in Indiana. Defendant owns and operates the Wyndham Hotel of Fort Wayne, Inc. , a hotel located at 5750 Challenger Pkwy Fort Wayne, Indiana ("Hotel"), where the acts of discrimination occurred. Corporate office being located at: 24725 Greenfield Rd.  Southfield, MI, 48075, owned and operated by: President, Akram Namou.

8. Defendant's Hotel is a place of public accommodation within the meaning of Title III because it is "an inn, hotel, motel, or other place of lodging . . . ." 42 U.S.C. §12181(7)(A); 28 C.F.R. § 36.104.

9. As a private entity that owns and operates a place of public accommodation, Defendant is a public accommodation within the meaning of Title III. *See* 42 U.S.C. §12181(7)(A); 28 C.F.R. §36.104.

## Facts

10. Plaintiff, a resident of Indiana, is an individual with a disability within the meaning of the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 36.104. Plaintiff has myeloma cancer and congestive heart failure, which substantially limit one or more major life activities, including, but not limited to, performing manual tasks, walking, standing, lifting, and bending.

11. The plaintiff walks with a cane and the service animal is trained to bark loudly until help arrives for this plaintiff.

12. Plaintiff uses a dog that is trained to perform tasks directly related to his disabilities, including providing him with physical support, assisting him with balance and stability, picking up and retrieving items for him, and warning him of oncoming panic or anxiety attacks. Plaintiff's dog is a service animal within the meaning of 28 C.F.R. §36.104.

13. Plaintiff's small service dog meets the requirements within the meaning of Title III of the ADA, 42 U.S.C. §12182(b)(1)(E); 28 C.F.R. §36.205.

14. On or about June 8th, 2019 the plaintiff arrived On June 8th, 2019, I made reservations with the Wyndham Gardens Hotel located at 5750 Challenger Pkwy Fort Wayne, Indiana on line, and specifically asked about my service animal. The World Wide Agent assured me that Service Animals are permitted and the reservation was made. I entered the building around 1:PM to 2:PM and was introduced by a younger white female working alone. She asked for my name, and then seen my service animal. The first thing she said was: (1) do you have his service papers with you. I stated I don't walk around with my service animal's papers. That his was visibly wearing his service vest, on a leash and I was walking with my cane. I advised her that asking for my service animal's service papers was wrong, and she stated (2) that the hotel was not a pet friendly establishment. She then paused to continue checking me in, and asked for something indicating that my dog was a service animal before moving forth with allowing me to check in. I felt embarrassed, violated and prejudiced against. I recalled having my service animal's registration card in my wallet, so to prevent being denied a room, I gave her the card. She made a copy and returned my service animal card. This alone is a violation of my privacy rights and the rights under the Department of Justice. 'I felt very uncomfortable the entire stay at this particular

hotel. I felt that if I left my room for any reason, that this staff would continue her harassment and violations against me for having my service animal.

I am dying with stage four terminal myeloma cancer and congestive heart failure. Stress and anxiety elevates these levels, making me sick. My entire stay at this hotel was living in fear that she would knock on my door and ask me to leave. I suffered from vomiting and diarrhea all night long, not sleeping well at all. I finally did come out of the room around 4:30AM and was greeted by the Night Auditor who welcomed me and my service animal with open arms. He actually touched my dog, and asked casual questions about the dog type. Totally different attitude and character about my dog than the staff that checked me in.

15. The Plaintiff has determined that Defendant discriminated against a person or group of persons, in violation of Title III, and that such discrimination raises issues of general public importance. 42 U.S.C. §12188(b)(1)(B)(ii). The Plaintiff has also determined that Defendant has engaged in a pattern or practice of discrimination by maintaining a policy of prohibiting service animals in violation of Title III of the ADA, 42 U.S.C. §§12181-12189, 12188(b)(1)(B)(i)

## Causes of Action

### Title III of the Americans with Disabilities Act

16. The allegations contained in the preceding paragraphs are incorporated by reference.

17. Defendant through its conduct alleged herein discriminated against Plaintiff , on the basis of Plaintiff's disability in the full and equal enjoyment of Defendant's services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. §12182, and its implementing regulations at 28 C.F.R. Part 36. Defendant's violations of Title III include, but are not necessarily limited to:

    a. Excluding Plaintiff from a place of public accommodation and denying him full and equal enjoyment of the "goods, services, facilities, privileges, advantages, [and] accommodations" of that public accommodation in violation of 42 U.S.C. §12182(a); 28 C.F.R. § 36.201(a);

  b. Denying Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation in violation of 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. §36.202(a).

  c. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford Defendant's goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302;

  d. Failing or refusing to modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability in violation of 28 C.F.R. §36.302(c)(1).

  e. Excluding or otherwise denying equal goods, services, facilities, and accommodations to the plaintiff because of his medical conditions and requirement of a service animal who Defendant knew to have a disability, in violation of 42 U.S.C. § 12182(b)(1)(E); 28 C.F.R. § 36.205.

28. As a direct and proximate result of Defendant's conduct in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. pt. 36, Plaintiff sustained damages, were harmed, and is a aggrieved person.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief:

29. Grant judgment in favor of the Plaintiff and declare that the discriminatory actions, practices, and policies of Defendant as set forth above, violate Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

30. Enjoin Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Plaintiff and his family, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

31. Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination

against persons with disabilities, including persons who use service animals, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities, including those who use service animals, where such modifications do not result in a fundamental alteration;

32. Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities;

33. Order Defendant to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's discriminatory conduct to the position that he or she would have been in but for Defendant's conduct;

34. Award monetary damages and any other aggrieved persons, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title III of the ADA, 42 U.S.C. §§12181-12189, and 28 C.F.R. pt. 36; in the amount of One Million Dollars for the plaintiff.

35. Assess a civil penalty against Defendant as authorized by 42 U.S.C. §12188(b)(2)(c) in an amount sufficient to vindicate the public interest; and

36. Order such other appropriate relief as the interests of justice may require.

Dated: June 9, 2019

By: James Martin, Pro-se Plaintiff

James Martin
735 ½ Center Street
Shelbyville, IN 46176
(317) 604-5323